UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SUSAN BISSON,

                Plaintiff,

   v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

                Defendant.

CASE NO. C16-05704BHS

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION

# I. BASIC DATA

Type of Benefits Sought:

    (X) Disability Insurance

    (X) Supplemental Security Income

Plaintiff's:

    Sex: Female

    Age: 50 at application date

Principal Disabilities Alleged by Plaintiff: Chronic obstructive pulmonary disease ("COPD"), asthma, and depression

Disability Allegedly Began: August 31, 2012

Principal Previous Work Experience: Housekeeper, cook, kitchen coordinator, receptionist, and homeless shelter support staff

Education Level Achieved by Plaintiff: Two years of college

ORDER - 1

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ Jo Hoenninger:

    Date of Hearing: November 24, 2014; hearing transcript AR 119-48

    Date of Decision: January 2, 2015

    Appears in Record at: AR 104-13

    Summary of Decision:

> The claimant has not engaged in substantial gainful activity since August 30, 2012, the alleged onset date. The claimant has the following severe impairments: COPD, asthma, obesity, depression, posttraumatic stress disorder ("PTSD"), and personality disorder. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except, (1) the claimant is limited to lifting, carrying, pushing, and pulling 20 pounds occasionally and ten pounds frequently; (2) the claimant is limited to standing and walking 15 minutes at one time and up to two hours in an eight-hour workday; (3) the claimant has no limitations on sitting; (4) the claimant is limited to occasional climbing of ramps, stairs, ladders, ropes, and scaffolds; (5) the claimant should avoid concentrated exposure to extreme cold and wetness; (6) the claimant should avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation; (7) the claimant should avoid concentrated exposure to hazards such as unprotected heights and exposed moving machinery; (8) the claimant can understand and remember simple three-step instructions and has sufficient concentration, persistence, and pace to complete simple, routine tasks for a normal workday and workweek with normal breaks, except she may be off task five percent of the time or·less; (9) the claimant is limited to occasional, brief, and superficial interactions with coworkers and the general public; (10) the claimant should have no over-the-shoulder supervision, and her supervisor should be non-confrontational; and (11) the claimant should be in a workplace with routine changes to the work setting.

> The claimant is unable to perform any past relevant work. Considering the claimant's age, education, work experience, and RFC, there are jobs existing in significant numbers in the national economy that the claimant can perform. Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from August 31, 2012, through the date of the decision.

Before Appeals Council:

    Date of Decision: June 10, 2016

    Appears in Record at: AR 1-7

    Summary of Decision: Declined review

## III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

## IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the

evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

The claimant, Susan Bisson ("Bisson"), bears the burden of proving that she is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. § 416.920. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

//

//

# VI. ISSUES ON APPEAL

1. Did the ALJ err in assessing the medical evidence in the record?

2. Did the ALJ err in relying on vocational expert testimony to determine that Bisson could perform other work at step five?

# VII. DISCUSSION

Bisson appeals the Commissioner's decision denying her disability benefits, arguing that the ALJ committed multiple errors requiring reversal. Dkt. 9. The Court addresses the alleged errors in turn.

**A.   Medical Evidence**

Bisson argues that the ALJ erred by failing to provide a germane reason supported by substantial evidence to discount the opinion of treating mental health counselor Alyssa Crea, MHP, LMHC. *See* Dkt. 9 at 3-8. The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Id*. at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*.

Mental health counselors are considered "other sources," and their opinions may be given less weight than those of "acceptable medical sources." *See* 20 C.F.R. § 404.1513(d). The testimony of such "other sources" may be discounted if the ALJ "gives reasons germane to each [source] for doing so." *See Molina v. Astrue*, 674 F.3d

1104, 1111 (9th Cir. 2012) (internal citations omitted).  However, evidence from "other" medical sources can demonstrate "the severity of the individual's impairment(s) and how it affects the individual's ability to function."  *See* Social Security Ruling ("SSR") 06-03p, 2006 SSR LEXIS 5 at *4.  The Social Security Administration has recognized that with "the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not 'acceptable medical sources,' . . . have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists."  *Id.* at *8.  Therefore, opinions from "other" medical sources "are important and should be evaluated on key issues such as impairment severity and functional effects."  *Id.*

   Crea treated Bisson for over two years and opined in November of 2014 that Bisson had marked limitations in concentration, persistence, and pace and extreme limitations in her social functioning, and that Bisson would be unable to perform simple work tasks for 20 percent of the workweek.  *See* AR 766-69.  The ALJ gave Crea's opinion little weight because Crea was not an acceptable medical source and because Crea's assessment was inconsistent with the treatment record that showed that Bisson was "generally managing well and improving."  *See* AR 111.  Neither of these reasons is germane and supported by substantial evidence.

   First, as described above, while Crea, as a mental health counselor, is not an "acceptable medical source" to establish the presence of an impairment, she is a treating source whose opinion must be evaluated regarding the functional effects of Bisson's

1 | impairments. *See* SSR 06-03p at *4, *8.  Therefore, Crea's status as an "other" medical
2 | source was not alone a germane reason for the ALJ to reject her opinion.
3 |      Second, any alleged improvement in the treatment record is not a germane reason
4 | supported by substantial evidence to discount Crea's opinion.  The Ninth Circuit has
5 | noted that, particularly where mental illness is involved, periods of improvement do not
6 | mean that the claimant's impairments no longer affect his workplace functioning. *See*
7 | *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).  Such observations must be read
8 | in the context of the overall diagnostic picture.  *Id*.  Symptom-free periods are not
9 | inconsistent with disability.  *Id*. (citing *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir.
10 | 1995)).  Here, while the ALJ stated that Bisson was "generally managing well and
11 | improving," the record as a whole shows cycles of recurring depression, suicidal ideation,
12 | self-harming behavior, difficulty concentrating, anxiety, and isolation over the years at
13 | issue.  *See, e.g.*, AR 483, 496, 504, 599, 743, 761.  The ALJ provided no meaningful
14 | analysis of this treatment record other than to single out occasional instances when
15 | Bisson reported "doing better."  *See* AR 110-11.  While the ALJ otherwise discussed the
16 | examining physicians' notes, the ALJ provided no analysis as to why their opinions
17 | contradicted the opinion of Crea, who had the benefit of an ongoing treatment
18 | relationship.  *See id*.  Therefore, the ALJ erred by failing to provide a germane reason
19 | supported by substantial evidence to discount Crea's opinion.
20 |      The Ninth Circuit has "recognized that harmless error principles apply in the
21 | Social Security Act context."  *Molina*, 674 F.3d at 1115 (citing *Stout v. Comm'r, Soc.*
22 | *Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)).  The Ninth Circuit

noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ fully credited Crea's opinion, the RFC would have included additional limitations, as would the hypothetical questions posed to the vocational expert. As the ALJ's ultimate determination regarding disability was based on the testimony of the vocational expert on the basis of an improper hypothetical question, this error affected the ultimate disability determination and is not harmless.

**B.    The RFC and Step-Five Finding**

Bisson argues that the ALJ's RFC assessment and step-five finding are not supported by substantial evidence due to the aforementioned error. *See* Dkt. 9 at 8-9. As discussed above, because the ALJ erred in assessing the medical evidence, the RFC analysis was not complete, and the ALJ's step-five determination is not supported by substantial evidence and is in error.[1]

---

[1] Bisson also argues that the ALJ improperly relied on vocational expert testimony in finding at step five that Bisson could perform other work. *See* Dkt. 9 at 8-9. However, because

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, issues still remain regarding conflicts in the medical evidence over Bisson's functional capabilities and her ability to perform work despite any additional functional limitations. Accordingly, remand for further consideration is warranted in this matter.

---

the RFC and step-five finding are not supported by substantial evidence due to the ALJ's error in evaluating the medical evidence, the Court need not address this additional alleged error.

## VIII.  ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's final decision denying Bisson disability benefits is **REVERSED AND REMANDED**.

Dated this 28th day of February, 2017.

BENJAMIN H. SETTLE
United States District Judge